

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2006

# Tirtakusumah v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5573

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tirtakusumah v. Atty Gen USA" (2006). *2006 Decisions.* Paper 42.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/42

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5573
_____

MICHAEL TIRTAKUSUMAH,
                                        Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A96 203 262)
Immigration Judge: Honorable Miriam K. Mills
_____

Submitted Under Third Circuit LAR 34.1(a)
December 1, 2006

Before:  SLOVITER, MCKEE AND AMBRO, CIRCUIT JUDGES

(Filed:  December 21, 2006 )
_____

OPINION
_____

PER CURIAM

        Michael Tirtakusumah, a citizen of Indonesia, seeks review of a final order of

removal issued by the Board of Immigration Appeals (BIA).  For the reasons that follow,

we will dismiss the petition in part for lack of jurisdiction. To the extent we have jurisdiction, we will deny the petition.

Tirtakusumah arrived in the United States as a visitor in December 2001. He overstayed his visa and was charged in March 2003 with removability on this basis. Tirtakusumah applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), claiming persecution and torture on account of his ethnicity (Chinese) and religion (Catholic). The Immigration Judge (IJ) denied the asylum application as untimely and denied withholding and CAT relief on the merits. The BIA affirmed. Tirtakusumah now petitions for judicial review.

To the extent Tirtakusumah seeks review of the denial of his asylum application as untimely, the Attorney General moves to dismiss for lack of jurisdiction. Under the Immigration and Nationality Act, "[n]o court shall have jurisdiction to review any determination of the Attorney General" that an asylum application is untimely. 8 U.S.C. § 1158(a)(3). Section 1158(a)(3) thus deprives us of jurisdiction to review a determination "that an asylum petition was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances." Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003). Section 1158(a)(3) notwithstanding, we retain jurisdiction to review constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D); Sukwanputra v. Gonzales, 434 F.3d 627, 633-34 (3d Cir. 2006). Even so, Tirtakusumah presents no constitutional claims or questions of law regarding the denial of his asylum application as untimely. Accordingly, we will grant the Attorney General's

2

motion to dismiss to the extent Tirtakusumah seeks review of the denial of his asylum application.

We nonetheless retain jurisdiction to review the denial of statutory withholding of removal and the denial of relief under the CAT. See Tarrawally, 338 F.3d at 186. We review the BIA's denial of withholding of removal and CAT relief for substantial evidence and will uphold the BIA's determinations "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003).

In order to obtain statutory withholding of removal, Tirtakusumah must demonstrate that his life or freedom would be threatened in Indonesia because of his ethnicity or religion. See 8 U.S.C. § 1231(b)(3)(A). This requires him to show "that it is more likely than not that he will face persecution" if removed. Miah v. Ashcroft, 346 F.3d 434, 439 (3d Cir. 2003). In order to obtain CAT relief, Tirtakusumah must show that it is more likely than not that he will be tortured if removed to Indonesia. See 8 C.F.R. § 1208.16(c)(2); Zubeda, 333 F.3d at 471.

We have reviewed the record as a whole and find reasonable, substantial, and probative evidence to support the BIA's decision. We agree with the IJ and the BIA that Tirtakusumah failed to provide evidence that he was persecuted or tortured in Indonesia on the basis of ethnicity or religion, or that his life or freedom will be threatened, or that he will be tortured if returned to Indonesia. In other words, the evidence of record does not compel a conclusion contrary to that of the BIA or the IJ.

In sum, to the extent that Tirtakusumah seeks review of the denial of his asylum application as untimely, we grant the Attorney General's motion to dismiss for lack of jurisdiction.  In all other respects, we will deny the petition for review.[1]

---

[1]Tirtakusumah's opening brief was prepared by counsel, who withdrew before the case was submitted to this panel.  We agree with the Attorney General's assessment of the brief submitted by Tirtakusumah's former attorney.  That brief was totally inadequate. We commend counsel for the Attorney General for thoroughly briefing the potential issues in this case.